UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:25-CR-19-GFVT-1

UNITED STATES OF AMERICA,                                                      PLAINTIFF,

V.                           MAGISTRATE JUDGE'S
                             REPORT AND RECOMMENDATION

DANIEL EVERETT ROWDEN,                                                         DEFENDANT.

Daniel Everett Rowden stands indicted on two counts of voluntarily assaulting or impeding a federal officer engaged in the performance of his/her duties, resulting in bodily injury. [R. 4]. On defense counsel's motion, he was ordered to submit to an examination to address his competency both now and at the time of the events alleged in the indictment. [R. 17]. Following the examination(s) and upon receipt of reports from evaluator(s), the matter came before the undersigned for a competency hearing. At that time, the parties stipulated to the findings and conclusions of the competency evaluation, in which the evaluator expressed an opinion that Rowden is not currently competent to stand trial. As a basis for the opinion, the evaluator opined that Rowden currently suffers from symptoms of a mental disease or defect, namely Schizoaffective Disorder, Bipolar Type, which significantly interferes with his ability to understand the nature and consequences of the proceedings against him or to assist in his own defense. In addition, the evaluator recommends that Rowden be referred for competency

restoration services pursuant to title 18, United States Code, § 4241(d)(1). In making this recommendation, the evaluator stated that individuals with psychotic disorders, such as Schizoaffective Disorder, have experienced a reduction in symptoms when consistently treated with antipsychotic medication, and this treatment can improve Rowden's prognosis to become competent. However, the evaluator expresses that Rowden's medication compliance would need to be strictly monitored given his recent admission that he diverted his medication.

The consequences of being mentally incompetent are reflected in the statutory authority under l8 U.S.C. § 424l(d), which requires that if reasonable cause exists to believe that a defendant is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[,]" the Court should order a hearing to determine the defendant's competency. 18 U.S.C. § 4241(a). If the Court determines the defendant is incompetent, it shall commit the defendant to the custody of the Attorney General for, treatment for a period not to exceed four months. 18 U.S.C. § 4241(d).

Accordingly, this Court must now decide if Rowden is mentally competent to stand trial, by a preponderance of the evidence. 18 U.S.C. § 4241(d). In doing so, the court is cognizant that "a criminal defendant is incompetent if he lacks 'a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' or if he does not have a 'rational as well as factual understanding of the proceedings against him.'" *United States v. Miller*, 531 F.3d 340, 348 (6th Cir. 2008), quoting *Drope v. Missouri*, 420 U.S. 162, 172 (1975). The "bar for incompetency is high," and "a defendant is not rendered incompetent to stand trial merely because he cannot get along with counsel or disapproves of counsel's performance." *Id*. at 349-350. In reaching its decision regarding a defendant's competency,

2

Case: 5:25-cr-00019-GFVT-EBA    Doc #: 27    Filed: 06/18/25    Page: 3 of 4 - Page ID#: 74

the court may consider several factors, including "evidence of a defendant's irrational behavior, demeanor at trial, and any prior medical opinion on competence to stand trial." *United States v. Wilson*, 402 F.App'x 69, 74 (6th Cir. 2010), *quoting* Miller, 531 F.3d at 348.

Here, neither party offered testimony or other evidence and both parties expressed their willingness to stipulate to the findings and conclusions contained in the evaluator's competency report. The report, which is a comprehensive assessment of Rowden's mental condition during the evaluation period, reflects a sound basis in fact to conclude that, as evaluator opines, Rowden is currently not competent to stand trial. As such, the undersigned incorporates the report of current competency by reference, as if fully set forth herein, as a basis for the conclusions in this case.

As a result, the Court, upon consideration of the record in this action, RECOMMENDS that in accordance with 18 U.S.C. § 4241(d), Rowden be committed to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility (1) for such a reasonable time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future, he will attain the capacity to permit the proceedings to go forward.

Specific objections to this Report and Recommendation must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.,* 236 F. Supp. 2d 737, 749B50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a

copy thereof.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

    Signed June 18, 2025.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge