UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:25-cr-00019-GFVT-EBA |
| | ) | |
| V. | ) | |
| | ) | |
| DANIEL EVERETT ROWDEN, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Edward B. Atkins. [R. 27.] The Report and Recommendation addresses the issue of whether Defendant Daniel Everett Rowden is competent to stand trial pursuant to 18 U.S.C. § 4241.

After reviewing the forensic report of the Defendant's psychiatric evaluation and conducting a competency hearing, Magistrate Judge Atkins concluded that per "18 U.S.C. § 4241(d), Rowden be committed to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility . . . for such a reasonable time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future, he will attain the capacity to permit the proceedings to go forward." [R. 27 at 3.] The Government and the Defendant both stipulated to the admission of the report and also to the findings contained therein. *Id.*

Judge Atkins's Report advises the parties that any objections must be filed within fourteen (14) days of service. *Id.* The time to file objections has passed, and neither

party has objected nor sought an extension of time to do so.  To the contrary, Rowden has filed a notice of his non-objection.  [R. 28.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Neither party objects to the adoption of this Report and Recommendation.  [R. 28; R. 29.] Nevertheless, this Court has examined the record, and agrees with the Magistrate Judge's Report and Recommendation.

Accordingly, the Court being sufficiently and otherwise advised, it is hereby **ORDERED** as follows:

(1)    The Magistrate Judge's Report and Recommendation **[R. 27]** is **ADOPTED** as the opinion of this Court;

(2)    The Court finds that Defendant Daniel Everett Rowden is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense in accordance with 18 U.S.C. § 4241(d). As a result, he is hereby committed to the custody of the Attorney General for treatment at a suitable facility.

(3)     Once an appropriate facility designation is made, Defendant shall remain at the facility for a reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that he will attain the capacity to permit further proceedings to take place in the foreseeable future. 18 U.S.C. § 4241(d)(1).

(4)     If at any time during Defendant's initial period of commitment the director of the facility determines that Defendant has recovered his competency, the director shall file a certificate to that effect promptly with the Clerk of the Court. 18 U.S.C. § 4241(e).

(5)     The jury trial previously scheduled for July 15, 2025 is **CONTINUED GENERALLY**;

(6)     The pretrial deadlines set forth by the Scheduling Order shall be relative to the subsequently set trial date; and

(7)     The Court **FINDS** that the time from his currently scheduled trial, on July 15, 2025, until and through a new trial date, which will be set by separate order, is **DECLARED** excludable from Defendant's Speedy Trial clock pursuant to 18 U.S.C. § 3161(h)(1)(A). For the reasons set forth herein, the Court **FINDS** that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

3

This 26th day of June, 2025.

Gregory F. Van Tatenhove
United States District Judge