UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:25-CR-00019-GFVT-EBA

UNITED STATES OF AMERICA,                                    PLAINTIFF,

V.                        **REPORT AND RECOMMENDATION**

DANIEL EVERETT ROWDEN,                                       DEFENDANT.

*** *** *** ***

Daniel Everett Rowden stands indicted on two counts of voluntarily assaulting or impeding a federal officer engaged in the performance of his/her duties, resulting in bodily injury. [R. 4]. On defense counsel's motion, he was ordered to submit to an examination to address his competency both now and at the time of the events alleged in the indictment. [R. 17].

Following an examination at FDC Houston and upon receipt of the first competency report, [R. 25], Rowden came before the undersigned for a competency hearing on June 13, 2025. [R. 26]. At that time, the parties stipulated to the findings and conclusions of the competency evaluation, in which the evaluator expressed an opinion that Rowden was not currently competent to stand trial. As a basis for the opinion, the evaluator opined that Rowden suffered from symptoms of a mental disease or defect, namely Schizoaffective Disorder, Bipolar Type, which significantly interfered with his ability to understand the nature and consequences of the proceedings against him or to assist in his own defense. In addition, the evaluator recommended that Rowden be referred for competency restoration services pursuant to title 18, United States Code, § 4241(d)(1). In making this recommendation, the evaluator stated that individuals with psychotic disorders, such as Schizoaffective Disorder, have experienced a reduction in symptoms when consistently treated with antipsychotic medication, and this treatment can improve Rowden's prognosis to

become competent. However, the evaluator expressed that Rowden's medication compliance would need to be strictly monitored given his recent admission that he diverted his medication.

At the hearing, neither party offered testimony or other evidence, and both parties expressed their willingness to stipulate to the findings and conclusions contained in the evaluator's competency report. After consideration, the undersigned entered a Report and Recommendation where it was recommended that in accordance with 18 U.S.C. § 4241(d), Rowden be committed to the custody of the Attorney General. [R. 27]. Further, the undesigned recommended that the Attorney General should hospitalize the defendant for treatment in a suitable facility for such a reasonable time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future, he would attain the capacity to permit the proceedings to go forward. [*Id*.]. Judge Gregory F. VanTatenhove adopted the Report and Recommendation in full. [R. 30].

Then, on February 10, 2026, the Court received Rowden's second competency report from N. Watkins-Ward, acting Warden of FMC-Bunter. [R. 34]. Therein, Dr. Megan Marks, a psychologist at FMC-Bunter, opined that Rowden is currently suffering from a mental disease or defect which renders him not competent to stand trial. [*Id*.]. Dr. Marks went on to explain that with additional time and treatment, there is a substantial probability that his competency can be restored. [*Id*.]. Thus, Dr. Marks requested a 120-day extension for Rowden's mental health evaluation and treatment pursuant to 18 U.S.C. § 4241(d)(2). [*Id*.].

In response, Rowden filed a motion, explaining that he objects to the findings in the evaluation report. [R. 37]. Rowden states that he disagrees with the psychologist's opinion that additional time is needed for competency to be restored. [*Id*.]. The matter came before the undersigned for a telephonic conference on March 19, 2026. [R. 38]. At the hearing, Rowden

reiterated that he vehemently opposes the evaluator's request for a 120-day extension of his mental health evaluation.

Under 18 U.S.C. § 4241(d)(2), the Attorney General may hold the defendant for an additional reasonable period of time, either to allow for competency to be restored if the court finds there is a substantial probability that this will happen, or until disposition of the pending charges, whichever is earlier. Here, despite his objections, Rowden has offered no evidence to refute the evaluator's findings that he is currently not competent and that with further evaluation there is a substantial likelihood that competency can be restored. Therefore, upon a review of the record,

**IT IS RECOMMENDED** that Defendant Rowden's period of treatment and evaluation be extended for an additional reasonable period of 120 days as there is a substantial likelihood that competency can be restored. Upon completion of this treatment and evaluation, a written report shall be submitted to this Court with copies to counsel of record. In addition to counsel of record, the Clerk of Court is directed to forward a copy of this Report and Recommendation to Warden N. Watkins-Ward.

Specific objections to this Report and Recommendation must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.*, 236 F. Supp. 2d 737, 749B50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed March 20, 2026.



**Signed By:**

_**Edward B. Atkins**_  $\mathcal{EBA}$

**United States Magistrate Judge**