UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:25-cr-00019-GFVT-EBA |
| | ) | |
| V. | ) | |
| | ) | |
| DANIEL EVERETT ROWDEN, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Edward B. Atkins. [R. 40.] The Report and Recommendation addresses the issue of whether Defendant Daniel Everett Rowden is competent to stand trial pursuant to 18 U.S.C. § 4241. For the following reasons, the Court will **ADOPT** the Report and Recommendation of Magistrate Judge Atkins. **[R. 40.]**

Defendant Rowden has been charged with two counts of voluntarily assaulting or impeding a federal officer engaged in the performance of his or her duties, resulting in bodily injury. [R. 4.] On March 19, 2025, Defendant moved for a psychological and psychiatric examination. [R. 12.] As grounds for the motion, defense counsel submitted that she had a question about the Defendant's competency to stand trial, and additionally believed that Defendant may have been suffering from a severe mental disease at the time of the events that led to the charges. *Id.* at 1.

After reviewing the forensic report of the Defendant's psychiatric evaluation and conducting a competency hearing, Magistrate Judge Atkins recommended that per "18 U.S.C. § 4241(d), Rowden be committed to the custody of the Attorney General." [R. 27.] On June 26,

2025, the Court adopted Judge Atkins recommendation and ordered that the Attorney General hospitalize the Defendant in a suitable facility for a reasonable time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future, the Defendant would attain the capacity to permit the proceedings to go forward.  [R. 30.]

On February 10, 2026, the Court received the Defendant's second competency report in which the psychologist opined that Defendant is currently suffering a mental disease or defect which renders him not competent to stand trial.  [R. 34.]  The psychologist further opined that with additional time and treatment, there is a substantial probability that Defendant's competency can be restored, and thus requested a 120-day extension for Defendant's mental health evaluation and treatment, pursuant to 18 U.S.C. § 4241(d)(2).  *Id.*

In response, the Defendant objected to the psychologist's opinion that additional time is needed to restore competency.  [R. 37.]  Judge Atkins set the matter for a telephonic conference on March 19, 2026.  [R. 38.]  At the hearing, Defendant reiterated his opposition to the psychologist's request for a 120-day extension of his mental health evaluation.  [R. 40 at 2-3.] However, Judge Atkins found that "despite his objections, Rowden has offered no evidence to refute the evaluator's findings that he is currently not competent and that with further evaluation there is a substantial likelihood that competency can be restored."  *Id.* at 3.  Thus, Judge Atkins recommended that Defendant's period of treatment and evaluation be extended to an additional 120 days.  *Id.*  Judge Atkins additionally recommended that upon completion of this treatment and evaluation, a written report shall be submitted to this Court with copies to counsel of record. *Id.*

Judge Atkins's Report advised the parties that any objections to the Report and Recommendation must be filed within fourteen (14) days of service.  *Id.*  The time to file

objections has passed, and neither party has objected nor sought an extension of time to do so. Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c).  When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Here, neither party has filed an objection to the adoption of this Report and Recommendation.  Nevertheless, this Court has examined the record, and agrees with the Magistrate Judge's Report and Recommendation.

Accordingly, the Court being sufficiently and otherwise advised, it is hereby **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation **[R. 40]** is **ADOPTED** as the opinion of this Court;

2. The Court finds that Defendant Daniel Everett Rowden is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense in accordance with 18 U.S.C. § 4241(d);

3. Defendant Daniel Everett Rowden's period of treatment and evaluation is extended for an additional reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that he will attain the capacity to permit further proceedings to take place in the foreseeable future. 18 U.S.C. § 4241(d)(1);

4.  Upon completion of this treatment and evaluation, a written report shall be submitted to this Court with copies to counsel of record; and

5.  In addition to counsel of record, the Clerk of Court is direct to forward a copy of the Report and Recommendation **[R. 40]** and this Order to Warden N. Watkins-Ward.

This the 9th day of April, 2026.

Gregory F. Van Tatenhove
United States District Judge

4