UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:25-CR-00019-GFVT-EBA

UNITED STATES OF AMERICA,                                    PLAINTIFF,

V.                          **REPORT AND RECOMMENDATION**

DANIEL EVERETT ROWDEN,                                       DEFENDANT.

*** *** *** ***

The defendant previously filed a motion requesting the Court to order an examination and assessment of the Defendant, Daniel Everett Rowden, to aid the Court in determining his competency to stand trial. [R. 12]. In response, the Court granted his motion and directed that a custodial evaluation pursuant to 18 U.S.C. § §4247(b) and (c) be conducted by an evaluator with the Bureau of Prisons. [R. 13]. The evaluation occurred, as ordered by the Court, and all parties received the resulting forensic reports issued by licensed BOP forensic psychologist. Following an examination at FDC Houston and upon receipt of the first competency report, [R. 25], Rowden came before the undersigned for a competency hearing on June 13, 2025. [R. 26]. At that time, the parties stipulated to the findings and conclusions of the competency evaluation, in which the evaluator expressed an opinion that Rowden was not currently competent to stand trial. the evaluator recommended that Rowden be referred for competency restoration services pursuant to title 18, United States Code, § 4241(d)(1).

At the hearing, neither party offered testimony or other evidence, and both parties expressed their willingness to stipulate to the findings and conclusions contained in the evaluator's competency report. After consideration, the undersigned entered a Report and Recommendation where it was recommended that in accordance with 18 U.S.C. § 4241(d), Rowden be committed

to the custody of the Attorney General. [R. 27]. Further, the undersigned recommended that the Attorney General should hospitalize Rowden for treatment in a suitable facility for such a reasonable time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future, he would attain the capacity to permit the proceedings to go forward. [*Id*.]. Judge Gregory F. VanTatenhove adopted the Report and Recommendation in full. [R. 30].

Then, on February 10, 2026, the Court received Rowden's second competency report from N. Watkins-Ward, acting Warden of FMC-Bunter. [R. 34]. Therein, Dr. Megan Marks, a psychologist at FMC-Bunter, opined that Rowden was suffering from a mental disease or defect that rendered him not competent to stand trial. [*Id*.]. Dr. Marks went on to explain that with additional time and treatment, there was a substantial probability that his competency could be restored. [*Id*.]. Thus, Dr. Marks requested a 120-day extension for Rowden's mental health evaluation and treatment pursuant to 18 U.S.C. § 4241(d)(2). [*Id*.].

In response, Rowden filed a motion objecting to the findings in the evaluation report. [R. 37]. Rowden disagreed with the psychologist's opinion that additional time was needed for competency to be restored. [*Id*.]. The matter came before the undersigned for a telephonic conference on March 19, 2026. [R. 38]. At the hearing, Rowden reiterated that he vehemently opposed the evaluator's request for a 120-day extension. Despite his objections, Rowden offered no evidence to refute the evaluator's findings that he was not currently competent. Thus, the undersigned recommended that Rowden's period of treatment and evaluation be extended for an additional reasonable period of 120-days, [R. 40], which was adopted by Judge VanTatenhove. [R. 41].

Following receipt of a third competency report, the Court scheduled a competency hearing as required under 18 U.S.C. § 4747, to address the issue of current competency. At the hearing, on June 8, 2026, the parties appeared before the undersigned with counsel, and stipulated to admissibility of the Reports, to the Reports' findings, and to the evaluator's qualifications.

Section 4241 provides that for a defendant to be competent, he must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *See United States v. Dusky*, 80 S. Ct. 788, 789 (1960); *see also* 18 U.S.C. § 4241(a) (phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*).

Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); *see also* 18 U.S.C.§ 4241(c) (referencing Section 4247(d) for hearing procedure). Ultimately, per Section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of Section 4241(a). This framework suggests that the defense bears the burden, although the cases are in disagreement on burden allocation. *Compare United States v. Chapple*, No. 94-5048, 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995) (table) (burden on United States, though without statutory analysis) and *United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden on United States) *with United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the proof is not disputed, and the Court need not resolve the burden allocation question*. See, e.g., Medinav. California*, 112 S. Ct. 2572,

2579 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise").

In the Report, the evaluator thoroughly analyzed Rowden's history, behavior, course of evaluation, and testing performance. The evaluator personally observed Rowden during direct interview, subjected him to psychological testing, and reviewed supplemental information, including legal and other records, to assist in the evaluation. In addition, the evaluator and/or the facility screened for any relevant medical issues.

The Report is a comprehensive assessment of Rowden's history, condition, and circumstances. The evaluators found that Rowden suffered from Schizoaffective Disorder, bipolar type, multiple episodes, currently in partial remission. While these conditions may result in cognitive deficits, they were not considered severe enough to result in a diagnosis of cognitive impairment. In addition, the evaluators opined that Rowden demonstrated an adequate factual understanding of the allegations against him. Rowden also accurately described several courtroom participants, including his role as the Defendant, his attorney's role, a witness' role, the prosecutor's role, and the Judge's role. He recalled the name of his attorney and described her in a positive light. In conclusion, the evaluators stated that Rowden has been restored to competency, and that he has a factual and rational understanding of the legal system and can assist properly in his defense.

At the hearing, Rowden was placed under oath and questioned by the Court regarding his desire to stipulate to the findings and conclusions of the competency report. Rowden confirmed that he had consulted with counsel and reviewed the report with his attorney. He was informed of the effect of finding him competent to proceed and thereafter stipulated to the findings and conclusions in the report. Defense counsel provided no observations to conflict with either

Rowden's stipulation or the Report's competency conclusion. Further, the Court has not independently observed behavior that conflicts with the evaluator's conclusions.

In conclusion, the Court finds no evidence to support a conclusion that Rowden is incompetent, and certainly finds nothing that would permit an incompetency finding by a preponderance of the evidence. Indeed, the Court finds that, according to § 4241(a), Rowden can understand the nature and consequences of the proceedings and can assist properly in his defense. Therefore, the Court **RECOMMENDS** that Defendant Daniel Everett Rowden be found competent to face further proceedings, to include trial, in this matter.

*** *** *** ***

The Court issues this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. At the hearing, the parties agreed to expedite the time to file objections. Specific written objections **SHALL** be filed within three (3) business days of service of this Recommended Disposition. The parties are further informed that failure to object per Rule 59(b) waives a party's right to seek further review.

Signed June 8, 2026.



**Signed By:**

*Edward B. Atkins*   *EBA*

**United States Magistrate Judge**