UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:25-cr-00019-GFVT-EBA |
| | ) | |
| V. | ) | |
| | ) | |
| DANIEL EVERETT ROWDEN, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Edward B. Atkins. [R. 48.] The Report and Recommendation addresses the issue of whether Defendant Daniel Everett Rowden is competent to stand trial pursuant to 18 U.S.C. § 4241. *See id.* Magistrate Judge Atkins recommends that the Defendant be found competent to face further proceedings in this matter, including trial. *Id.* at 5. For the following reasons, the Court will **ADOPT** the Report and Recommendation of Magistrate Judge Atkins. **[R. 48.]**

Defendant Rowden has been charged with two counts of voluntarily assaulting or impeding a federal officer engaged in the performance of his or her duties, resulting in bodily injury. [R. 4.] On March 19, 2025, Defendant moved for a psychological and psychiatric examination. [R. 12.] As grounds for the motion, defense counsel submitted that she had a question about the Defendant's competency to stand trial and additionally believed that Defendant may have been suffering from a severe mental disease at the time of the events that led to the charges. *Id.* at 1.

After reviewing the forensic report of the Defendant's psychiatric evaluation and conducting a competency hearing, Magistrate Judge Atkins recommended that per "18 U.S.C. § 4241(d), Rowden be committed to the custody of the Attorney General." [R. 27.]  On June 26, 2025, the Court adopted Judge Atkins recommendation and ordered that the Attorney General hospitalize the Defendant in a suitable facility for a reasonable time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future, the Defendant would attain the capacity to permit the proceedings to go forward.  [R. 30.]

On February 10, 2026, the Court received the Defendant's second competency report in which the psychologist opined that Defendant was currently suffering a mental disease or defect which renders him not competent to stand trial.  [R. 34.]  The psychologist further opined that with additional time and treatment, there is a substantial probability that Defendant's competency can be restored and thus requested a 120-day extension for Defendant's mental health evaluation and treatment, pursuant to 18 U.S.C. § 4241(d)(2).  *Id.*

In response, the Defendant objected to the psychologist's opinion that additional time is needed to restore competency.  [R. 37.]  Judge Atkins set the matter for a telephonic conference on March 19, 2026.  [R. 38.]  At the hearing, Defendant reiterated his opposition to the psychologist's request for a 120-day extension of his mental health evaluation.  [R. 40 at 2-3.]  However, Judge Atkins found that "despite his objections, Rowden has offered no evidence to refute the evaluator's findings that he is currently not competent and that with further evaluation there is a substantial likelihood that competency can be restored."  *Id.* at 3.  Thus, Judge Atkins recommended that Defendant's period of treatment and evaluation be extended to an additional 120 days.  *Id.*  Judge Atkins additionally recommended that upon completion of this treatment

2

and evaluation, a written report shall be submitted to this Court with copies to counsel of record. *Id.* On April 9, 2026, the Court adopted Judge Atkins' recommendation. [R. 40.]

Following the receipt of the third competency report, Judge Atkins scheduled a competency hearing to assess the Defendant's current competency. [R. 47.] The hearing was conducted on June 8, 2026, and both parties stipulated to the admissibility of the competency report, the evaluator's qualifications, as well as the findings contained in the report. *Id.* At the hearing, the Defendant was placed under oath and questioned by Judge Atkins and questioned regarding his desire to stipulate to the findings and conclusions of the competency report. *Id.* The Defendant confirmed that he wished to proceed in this manner. *Id.*

Following the hearing, Judge Atkins issued his Report and Recommendation, indicating that he finds the Defendant to have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him, as required by 18 U.S.C. § 4241(a). [R. 48 at 5.] At the hearing, the parties agreed to expedite the time to file written objections to the Report and Recommendation and Judge Atkins indicated the same in his Report and Recommendation. *Id.* Judge Atkins' Report advised the parties that any objections to the Report and Recommendation must be filed within three (3) business days of service. *Id.*

The time to file objections has passed, and neither party has objected nor sought an extension of time to do so. Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate's report and

recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Here, neither party has filed an objection to the adoption of this Report and Recommendation. Nevertheless, this Court has examined the record and agrees with Judge Atkins' Report and Recommendation.

Accordingly, the Court being sufficiently and otherwise advised, it is hereby **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation **[R. 48]** is **ADOPTED** and as for the opinion of this Court;

2. Defendant Daniel Everett Rowden is competent to face further proceedings in this matter, including trial;

3. The Court sets the matter for trial on **Monday, August 10, 2026**, at the hour of **10:00 a.m**. in **Frankfort, Kentucky**, with counsel to arrive by **9:30 a.m**.; and

4. Pretrial filings shall be relative to that date unless amended by later Order.

This the 15th day of June, 2026.

Gregory F. Van Tatenhove
United States District Judge

4